IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| JAMES AHERN, | ) | CV 11-64-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA CORPORATION | ) | |
| and its subsidiaries including BAC | ) | ORDER |
| HOME LOANS SERVICING , LP, aka | ) | |
| BANK OF AMERICA, NA; as well as | ) | |
| COUNTRYWIDE FINANCIAL | ) | |
| CORPORATION and COUNTRYWIDE | ) | |
| HOME LOANS, INC. aka/dba BANK OF | ) | |
| AMERICA HOME LOANS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

James Ahern moves to compel discovery, requesting that Bank of America, N.A., answer fully and completely Requests for Production Nos. 28 and 29, Interrogatory No. 22, and Request for Admission No. 8. Ahern further requests that the defendants be ordered to produce unredacted copies of communication documents labeled BANA 1158–1161. Neither party is entirely correct, and neither is entirely wrong.

1

## I.     Requests for Production Nos. 28 and 29

Under Federal Rule of Civil Procedure 34, the producing party must make requested documents available for the opposing party to inspect and copy.  *See Mezu v. Morgan St. U.*, 269 F.R.D. 565, 575 (D. Md. 2010).  Under the Rules of Civil Procedure, Bank of America, N.A. is required to make available to Ahern the documents requested under Requests for Production Nos. 28 and 29 at the place and in the form they are usually kept.  Rulings on relevancy and admissibility of evidence will be decided either in limine or at trial.

## II.    Interrogatory No. 22

Bank of America, N.A.  Is required to answer Interrogatory No. 22 insofar as the amount of compensation for an entry-level employee is available from Bank of America or from sources under its control.  Fed. R. Civ. P. 33(b); *see Westinghouse Credit Corp. v. Mt. St. Mining & Milling Co.*, 37 F.R.D. 348, 349 (D. Col. 1965); *see also F.D.I.C. v. Halpern*, 271 F.R.D. 191, 193 (D. Nev. 2010).  Whether the evidence is admissible at trial will be decided either by pending motions in limine or at trial.

## III.   Request for Admission No. 8.

In addition to stating that the 2009 U.S. Treasury Report "speaks for itself," Bank of America, N.A. admits to the loan modification numbers included in the

report. Fed. R. Civ. P. 36(a)(4); *see Lakehead Pipe Line Co. v. Am. Home Assur. Co.*, 177 F.R.D. 454, 457 (D. Minn. 1997) (finding the plaintiffs' responses were proper because they included an admission or a denial that did not deprive the opposing party of a competent response); *see also Halpern*, 271 F.R.D. at 195–96 (holding that the language "the documents speak for themselves" is insufficient absent an admission or denial). Thus, Bank of America adequately admitted to Ahern's Request for Admission No. 8.

IV. **Disclosure of BANA 1158–1161**

Bank of America, a national bank, is regulated by the federal Office of the Comptroller of Currency and, as such, cannot disclose non-public information without the agency's consent. 12 C.F.R. §§ 4.36–4.37. "Non-public information" includes "[c]onfidential information relating to operating and no longer operating national banks as well as their subsidiaries and affiliates." *Id.* at § 4.32(b)(1). The limitation on disclosure exists even if the information is in the bank's possession. 12 C.F.R. § 4.37(d). Ahern must follow the appropriate procedures in requesting the unredacted portions of BANA 1158–1161 from the Office of the Comptroller of Currency directly. *See* 12 C.F.R. § 4.32.

The remaining redactions of BANA 1158–1161 are protected by attorney-client privilege insofar as they regard communication between Bank of America

3

employee Latecia Johnson and in-house attorney Janis Allen for the purpose of obtaining legal advice regarding the OCC communications, which was intended to be and was in fact kept confidential. *See U.S. v. W.R. Grace*, 455 F. Supp. 2d 1140, 1145 (D. Mont. 2006).

IT IS ORDERED that James Ahern's motion to compel discovery (doc. 64) is GRANTED IN PART and DENIED IN PART. It is GRANTED as to Requests for Production Nos. 28 and 29 and Interrogatory No. 22 and DENIED in all other aspects. Because each party has prevailed in part, and each has lost in part, attorney fees are awarded in favor of Plaintiff and against Defendant for those matters on which Plaintiff prevailed.

Attorney fees are awarded in favor of Defendant and against Plaintiff for those matters on which Defendant prevailed.

Within 10 days of this Order each party shall file an affidavit for reasonable attorney fees and hours expended on this motion. *See* Rule 37(a)(5)(A-C), F. R. Civ. P.

Dated this 17th day of October 2012.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT